IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


KARL D. JACKSON,                    :
                                    :
          Plaintiff,                :
                                    :
vs.                                 :   CIVIL ACTION 07-0744-KD-M
                                    :
WARDEN JERRY FERRELL, et al.,       :
                                    :
          Defendants.               :


<u>REPORT AND RECOMMENDATION</u>


      Plaintiff, an Alabama prison inmate proceeding <u>pro</u> <u>se</u>, filed
a complaint under 42 U.S.C. § 1983 and a Motion to Proceed
Without Prepayment of Fees.  This action was referred to the
undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
72.2(c)(4), and is now before the Court for Plaintiff's failure
to prosecute and to obey the Court's Order.

      On June 20, 2008, Plaintiff was ordered to inform the Court
by July 11, 2008, if he wanted to proceed with the prosecution of
this action.  Plaintiff was advised that if he did not respond,
the Court would assume that Plaintiff has chosen not to proceed
and that this action would be dismissed without prejudice (Doc.
12).  The Order was mailed to Plaintiff at Fountain Correctional
Center, Fountain 3800, Atmore, Alabama 36503, his last known
address.  A previous check of the Alabama Department of
Corrections' website indicated Plaintiff's end of sentence on May
25, 2008.  Consequently, another check of the Alabama Department

of Corrections' website indicated that Plaintiff was released on
May 25, 2008, and left no forwarding address.  The Court last
heard from Plaintiff on November 13, 2007, when he paid the
$38.33 partial filing fee and filed a Motion for the Court to
Take the Fees Out of His Account (Docs. 9, 10).  The Court finds
that Plaintiff has abandoned prosecution of this action.

     Due to Plaintiff's failure to comply with the Court's Order,
and upon consideration of the alternatives that are available to
the Court, it is recommended that this action be dismissed
without prejudice pursuant to Rule 41(b) of the Federal Rules of
Civil Procedure as no other lesser sanction will suffice.  Link
v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734
(1962) (interpreting Rule 41(b) not to restrict the court's
inherent authority to dismiss sua sponte an action for lack of
prosecution); World Thrust Films, Inc. v. International Family
Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);
Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir.
1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985);
Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord
Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d
27 (1991) (ruling that federal courts' inherent power to manage
their own proceedings authorized the imposition of attorney's
fees and related expenses as a sanction); Malautea v. Suzuki
Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the

court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 15th day of July, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

4